JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| DONNIE KAY SNEED, | No. CV 19-3242-GW (PLA) |
|     Petitioner, | **ORDER DISMISSING PETITION** |
|     v. | |
| K. CLARK, Warden, | |
|     Respondent. | |

**I.**

**BACKGROUND**

Donnie Kay Sneed ("petitioner") initiated this action on April 24, 2019, by filing a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("Petition" or "Pet."). Petitioner is currently in custody pursuant to a 2011 conviction for failing to register as a sex offender (Cal. Pen. Code § 290) in case number BA 314300. He is serving a sentence of twenty-five years to life under California's Three Strikes Law based on prior "strike" convictions, and is housed at California State Prison in Corcoran, California. (Pet. at 1-2, 33[1]).

---

[1] For ease of reference, the Court uses the ECF-generated page numbers when referring to the instant Petition and attachments.

Petitioner challenged his 2011 conviction in a prior habeas petition filed in this Court in Case No. CV 14-8386-GW (PLA). That prior petition was denied on the merits and judgment was entered on March 29, 2017. A certificate of appealability was also denied. (See Case No. 14-8386, ECF Nos. 1, 76, 80, 81, 82).

In the instant Petition, petitioner raises a single claim alleging his counsel refused to a file a post-conviction motion seeking DNA testing. (Pet. at 5). The facts underlying petitioner's claim are as follows: petitioner was convicted in 1989 of two felony sexual assaults, which later served as felony "strikes" when petitioner was sentenced for his 2011 conviction. Petitioner now seeks to have DNA testing performed with respect to his 1989 conviction. Pursuant to California Penal Code § 1405,[2] petitioner filed in the Los Angeles County Superior Court a request for appointment of counsel to investigate and prepare a motion for DNA testing. (Pet. at 46-53). On March 23, 2017, the superior court granted petitioner's request, and appointed the Post-Conviction Assistance Center ("PCAC") as counsel of record "solely to investigate and, if appropriate, to file a motion for DNA testing. ([Cal.] Pen. Code § 1405, subd. (B)(3)(A).)" (Id. at 40-44). Appointed counsel from PCAC subsequently reviewed petitioner's request and determined that, because petitioner was not currently serving a prison sentence for the prior sexual assault offenses, no motion for DNA testing could be filed in connection with the prior conviction. (Pet. at 27-31). Specifically, in a letter to petitioner dated June 11, 2018, appointed counsel explained that California Penal Code § 1405(a) "provides that the only person who can move the court for an order for post conviction DNA testing of biological evidence is a person 'who was convicted of a felony and is **currently** serving a term of imprisonment' for that felony. That is not you." (Id. at 29) (emphasis in original). Appointed counsel informed petitioner that, because petitioner was not eligible for DNA testing, "[t]his completes our representation of you pursuant to our court appointment. We no longer represent you and are no longer your attorneys." (Id. at 31). On June 15, 2018, appointed counsel filed a notification of performance and discharge of duties and

---

[2] California Penal Code § 1405 sets forth the procedures for filing a motion for DNA testing.

2

termination of court appointment. (Id. at 33-34). On June 21, 2018, the superior court issued an acknowledgment of appointed counsel's notification. (Id. at 34).

On July 3, 2018, petitioner filed a motion in the superior court seeking the appointment of new, "conflict-free" counsel on the ground that his original appointed counsel abandoned him. On July 12, 2018, the superior court denied petitioner's motion, stating that California Penal Code § 1405 "does not allow a person to seek DNA testing in a conviction for which he is not presently serving a prison term. PCAC informed the court that petitioner sought DNA testing in his prior sex offense cases, not his current failure to register case. . . . [I]t appears PCAC explained section 1405's requirements to [petitioner] and why PCAC was unable to, in good faith, file a motion for DNA testing on his behalf. [¶] PCAC has not abandoned [petitioner]." (Pet. at 33-34).

On January 30, 2019, petitioner filed a "Petition for a Review on Facts in Petition" in the California Supreme Court, in which he challenged appointed counsel's decision to not file a motion for DNA testing. (Pet. at 15-19). The Supreme Court construed the petition as an "Accusation of [petitioner] Against an Attorney," and on March 13, 2019, denied the petition without comment or citation. (Id. at 13).

## II.
## DISCUSSION

After reviewing the instant Petition and attached documents, the Court concludes that the Petition should be summarily dismissed. First, to the extent petitioner is raising a claim of ineffective assistance of counsel regarding the decision to not file a motion for DNA testing, his claim is not cognizable. A petitioner may seek federal habeas relief from a state court conviction or sentence if he is contending that he is in custody in violation of the Constitution or laws or treaties of the United States. See 28 U.S.C. § 2254(a); Swarthout v. Cooke, 562 U.S. 216, 219, 131 S.Ct. 859, 178 L.Ed.2d 732 (2011) (per curiam); Estelle v. McGuire, 502 U.S. 62, 67-68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991). As the Supreme Court has made clear, there is no constitutional right to counsel in state post-conviction proceedings. Pennsylvania v. Finley, 481 U.S. 551, 555-57, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987) (explaining that there is no constitutional

right to counsel in state post-conviction proceedings). Thus, petitioner's claim that his appointed counsel from PCAC provided ineffective assistance does not constitute a cognizable basis for habeas relief.

To the extent the Petition could be construed as raising a direct challenge to petitioner's 1989 conviction, petitioner is prohibited from raising such a challenge because he is no longer in custody with respect to the 1989 conviction. Title 28 U.S.C. § 2254 empowers the Court to "entertain an application for a writ of habeas corpus in behalf of a person *in custody* pursuant to the judgment of a State court only on the ground that he is *in custody* in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added). The "in custody" requirement is jurisdictional, and "therefore it is the first question [the Court] must consider." Bailey v. Hill, 599 F.3d 976, 978 (9th Cir. 2010) (internal quotations and citation omitted). A habeas petitioner is not "in custody" after the sentence imposed for the conviction is "fully expired." Maleng v. Cook, 490 U.S. 488, 492, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989). Here, because petitioner has already completed his sentence pursuant to the 1989 conviction (see, e.g., Pet. at 28 (letter from PCAC counsel discussing petitioner's 1989 sentence)), the Court lacks subject matter jurisdiction over any challenge to the 1989 conviction. Additionally, any direct challenge to petitioner's 1989 conviction would likely be time-barred under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") one-year statute of limitations period, as set forth under 28 U.S.C. § 2244(d).

Alternatively, to the extent the Petition could be construed as a challenge to petitioner's current sentence on the ground that it was enhanced by the 1989 conviction, the Supreme Court's ruling in Lackawanna County District Attorney v. Coss, 532 U.S. 394, 121 S.Ct. 1567, 149 L.Ed.2d 608 (2001), forecloses such a claim. In Lackawanna, the Supreme Court held that, absent certain exceptions, a federal habeas petitioner cannot attack a prior conviction under § 2254. 532 U.S. at 401-05. In stressing that its decision was grounded on the need for finality in state convictions and the ease of administration, the Lackawanna Court stated:

> [O]nce a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so

> unsuccessfully), the conviction may be regarded as conclusively valid. [Citation omitted.] If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained.

532 U.S. at 403-04.

Here, there is no indication that petitioner's 1989 conviction is still open to either direct or collateral attack. Accordingly, petitioner may not challenge the 1989 conviction in a federal habeas petition.[3] See Fisher v. Ventura Cty. Sheriffs Narcotics Agency, 2014 WL 2772705, at *6 (C.D. Cal. June 18, 2014) ("Petitioner may not challenge the 1999 Conviction directly, because he does not meet the 'in custody' requirement and subject-matter jurisdiction is lacking. He also may not challenge the 1999 Conviction indirectly through an attack on the sentence imposed on him in Kern County in 2012, because the Lackawanna rule prohibits him from doing so. These two defects are fundamental and not rectifiable.").

For these reasons, summary dismissal of the Petition is appropriate.

## III.
## **CERTIFICATE OF APPEALABILITY**

Under Rule 11(a) of the Rules Governing § 2254 Cases, a court must grant or deny a certificate of appealability ("COA") when entering a final order adverse to the petitioner. See also 28 U.S.C. § 2253(c).

A petitioner may not appeal a final order in a federal habeas corpus proceeding without first obtaining a COA. See 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). A COA may issue "only if . . . [there is] a substantial showing of the denial of a constitutional right." 28 U.S.C. §

---

[3] While the Supreme Court discussed possible exceptions to the Lackawanna bar, none of the exceptions applies in petitioner's case. For example, there is no indication that petitioner was without counsel at the time of his 1989 conviction. See Lackawanna, 532 U.S. at 404; Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). Nor is there any indication that petitioner was prevented from seeking post-conviction relief from his 1989 conviction. Lastly, although petitioner seeks to have DNA testing performed, he has not made any showing that he is actually innocent of committing the crimes underlying his 1989 conviction. See Lackawanna, 532 U.S. at 405. Thus, petitioner is unable to avoid the Lackawanna bar.

2253(c)(2). A "substantial showing . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000) (citation omitted); see also Sassounian v. Roe, 230 F.3d 1097, 1101 (9th Cir. 2000). Thus, "[w]here a district court has rejected the constitutional claims on the merits, . . . [t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack, 529 U.S. at 484. Additionally, "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when . . . jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. at 484.

The Court concludes that, for the reasons set forth supra, reasonable jurists would not find the Court's above-stated reasons for dismissing the Petition debatable or wrong. Accordingly, a certificate of appealability is **denied**. Petitioner is advised that he may not appeal the denial of a COA, but he may ask the Ninth Circuit Court of Appeals to issue a COA under Rule 22 of the Federal Rules of Appellate Procedure. See Rule 11(a), Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254.

### IV.

### ORDER

IT IS THEREFORE ORDERED that the Petition is **dismissed with prejudice** for the reasons stated above. A certificate of appealability is also denied.

DATED: May 6, 2019

HONORABLE GEORGE H. WU
UNITED STATES DISTRICT JUDGE